■ JOHN J. GOOS, Appellant, v. ANTHONY PENNISI, Respondent.— In an action to enjoin the breach of a restrictive covenant contained in a bill of sale of a barbershop, and to recover incidental damages, the appeal is (1) from a judgment, entered after trial before a Special Referee, dismissing the complaint,

644

and (2) from the decision on which said judgment was entered. Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of appellant for the injunctive relief prayed for in the complaint, without costs, and matter remitted to the Special Term for the limited purpose of assessing appellant's damages. Findings of fact insofar as thy may be inconsistent herewith are reversed, and new findings will be made as herein indicated. Respondent's signature at the end of the affidavit of verification and title is sufficient to constitute an execution of the entire instrument, despite the fact that the bill of sale itself was left unsigned (*Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48). The geographical limitation of the restriction ("five square blocks") is sufficient to compel the construction that the parties intended a radius of five blocks from the shop sold. This court, in considering a restrictive covenant which was silent as to geographical limitations, held that such covenant was enforcible "as far as is necessary to protect the plaintiffs from competition of defendant" (*Goldstein* v. *Maisel*, 271 App. Div. 971). The competing business here involved is across the street from the shop sold. The failure of the parties to specify a time limitation in the covenant does not render the covenant unenforcible (*Diamond Match Co.* v. *Roeber*, 106 N. Y. 473; *De Bello* v. *Stackliff*, 149 N. Y. S. 2d 61). There is no justification in this record for the finding that appellant waived the restriction by himself employing respondent. The restriction was against competition. There could be no waiver in the absence of competitive enterprise by respondent without objection by appellant. Obviously, an employee is not in competition with his employer. Even if such employment could be considered competition, any waiver thereby created would extend only to the period of employment, since there are no facts in the record upon which appellant might be held to be estopped, and such waiver would not bar a subsequent assertion by appellant of his rights under the covenant (*Friedman* v. *Libin*, 4 Misc 2d 248, affd. 3 A D 2d 827). Appeal from decision dismissed, without costs. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. Settle order on notice.